### UNITED STATES OF AMERICA v. HABERKORN.

No. 238.

Circuit Court of Appeals, Second Circuit.

June 8, 1945.

Peter J. Haberkorn, of New York City, for appellant, pro se.

John F. X. McGohey, U. S. Atty., of New York City (John C. Hilly, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before EVANS and CHASE, Circuit Judges, and HINCKS, District Judge.

EVANS, Circuit Judge.

Appellant appeals from an order which denied his petition for the return of a document, to-wit, an affidavit, which the Government seized in a search which it made without a search warrant and without a valid warrant for his arrest.

The factual situation is not complicated.

Appellant is a practicing lawyer in New York City with an office at 1450 Broadway. On February 15, 1944, he was engaged in securing an affidavit from one Dolores Granger, who, on the same day, first reported to the Special Agent of Investigation and informed him she was on her way to appellant's office where she was to make an affidavit which was to be used in another criminal case; that the affidavit was to contain a false statement of facts; that the appellant knew of the falsity of the facts so to be stated; that she later went to appellant's office and executed the false affidavit; that this affidavit was retained by appellant and was shortly after its execution seized in a search by the agents of the Government; that it was found in a room adjacent to the appellant's law office, used as the office file room and library. It further appeared that immediately after the affiant, Granger, told the Government agent that she was going to the appellant's office, the said agents secured a criminal warrant from the United States Commissioner, which was served upon appellant immediately after Granger left appellant's office and upon her giving a prearranged signal which informed the agent that the false affidavit had been executed. Appellant's arrest occurred and a search of the premises followed, and the affidavit found and seized.

The search and seizure was made by an F. B. I. agent.

The court held that the arrest was made without a valid warrant but was nevertheless lawful because the arresting officers had probable cause ,to believe a felony was being committed in their presence. The warrant was declared invalid, because the affidavit of Granger, the overt act of the conspiracy, was not in fact executed, when the warrant was issued. The charge set forth in the warrant was a conspiracy to violate Sec. 241, Title 18, U.S.C.A. (a conspiracy to obstruct justice).

The specific controversy here is the validity of the search and the seizure and detention of the affidavit. Appellant relies upon the Fourth Amendment to the Federal Constitution, which protects against the unlawful search and seizure, and also on the Fifth Amendment of the Constitution which gives protection against forced self-incrimination.

The warrant of arrest being invalid, the question remains, was the arrest without a valid warrant enough to support the incidental search and seizure? The statutory authority of agents of the Federal Bureau of Investigation is applicable. It provides, 5 U.S.C.A. § 300a:

"The * * * agents * * * of the Federal Bureau of Investigation * * * are empowered to * * * make arrests without warrant for felonies which have been committed and which are cognizable under the laws· of the United States, in cases *where the person making the arrest has reasonable grounds to believe * * * there is a likelihood of the person escaping before a warrant can be obtained for his arrest,* but the person arrested shall be immediately taken before a committing officer."

It is evident from a mere reading of the statute that the power of an F. B. I. agent to make an arrest, without a warrant, is a limited one.

We are unable, in the absence of positive, affirmative proof, to conclude that the appellant, an attorney, with an established office, is one of whom it can be said, "there is a likelihood of the person escaping before a warrant can be obtained for his arrest." It would, of course, not be impossible for a practicing attorney to be about to flee from punishment for a serious crime, and if the Federal Agent had knowledge which would plausibly lead him to the belief of the likelihood of escape, the particular objection to the validity of the search would disappear. The facts do not disclose such a situation. In fact, the agents had actually obtained a warrant—but obtained it a short time too soon, before the act constituting the crime had been committed. There was nothing to preclude the obtaining of a new, a valid warrant, upon the information which their informer had given.

We are unable, under any legitimate construction of this statute, to uphold the search by the F. B. I. agent upon the facts here disclosed.

The judgment is reversed.